UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:S600CR0761 (JSR) |
| V. | MEMORANDUM OF LAW AND BRIEF OF HISTORY |
| Diego Rodriguez | of 18 § U.S.C. 3582(c)(1)(A)(i) |

## Introduction

Now Comes Petitioner Diego Rodriguez Hereinafter (Petitioner) Proceeding Pro 'Se Requesting Emergency Relief Due to the Life threating Developement of the (COVID-19) Virus that has Killed 97,000 America's. Petitioner is A Life time New Yorker As is his family, in which All have been Serious Effected As Your Honor Would Know. Given his Serious health Condition And the threat that COVID-19 poses to his Wellbeing, Petitioner Respectfully Requests that the Court Reduce his Sentence to time Served, followed by Life time of Supervised Release, With A Condition of

Pg. 1.

Home Confinement for whatever Portion of that time the Court deems Appropriate.

Petitioner is Currently in A "tier" or Unit with Approximately 30 other inmates. He is locked in his cell 22 hours A day. There Are No programs. No Recreation yard time, No use of the law library, And No work. This is Essentially isolation, Considered by Many to be inhumane And typically Reserved for the worse of the worse. It is Certainly Not the Environment this Court Envisioned when Sentencing Petitioner.

On 9-27-04, your honor Sentenced Petitioner to A Term of Life And 5 years of Supervised Release. He is presently housed At F.C.I. Allenwood. As of this filing he has Served approximately 20 years of his federal Sentence. Petitioner has No objection to the ---Life time Supervised Release.

P. 2

## Compassionate Release

As Amended by the First Step Act, 18 USC § 3582 (C)(1)(A) Authorizes Courts to Modify terms of imprisonment As follows:

The Court May Not Modify A term of imprisonment Once it has bee imposed Except that — in Any Case — the Court, Upon Motion of the Director of the Bureau of prisons, Or upon Motion of the defendant Afte the defendant has fully Exhausted All Administrative Rights to Appeal A failure of the Bureau Of Prisons to bring a Montion On the defendant's behalf or the lapse of 30 days from the Receipt of Such A Request by the Warden of the defendant's facility, Whichever is Earlier, May Reduce the term Of Imprisonment (And May Impose A term Of Probation Or Supervised Release With Or Without Conditions that

Pg. 3.

does not exceed the unserved portion of the original term of imprisonment),

After considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that —

 (i) Extraordinary and compelling reasons warrant such a reduction...

And that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## Petitioner's Serious Medical Conditions

Petitioner's pro'se filing including several exhibits, including Medical Records that demonstrate he suffers from Asthma, Petitioner has Only One Kidney, And also is Borderline Obese which puts him At A Greater Risk of Severe Complications if he becomes A Diabetic Petitioner Also has Other Life threating Conditions that Are Extraordinary And Compelling. if Petitioner is infected with COVID-19, these Conditions Place him At An increased Risk of developing Severe And possibly fatal Complications.

### Increased Risk of Life-threating Complications if He is infected with COVID-19

Petitioner's health Conditions place him At An increased Risk of developing Serious-and possibly fatal—Complications if he Contracts COVID-19. The CDC has identified Several groups that have An increased Risk of Severe illness

from COVID-19, these including People of Any Age who Only have One Kidney And Asthma And Also borderline Obese which has Worsened Since his incarceration, And liver disease. Petitioner Check Nearly Every Box for determining whether Someone is "At-Risk" of developing Serious Complications from COVID-19.

A Recent Massive Study of 5,000 Hospitalized COVID-19 Patients Show that 57% had high blood pressure, 41% were Obese, And Over 1/3 had Diabetes.

In Addition to his Serious Medical Condition, Petitioner Also Suffers from Pre-diabetes. Petitioner Blood Sugar level has Worsened Since his incarceration. I Am presently On Several Medications from these Conditions. If Petitioner Contracts COVID-19 he faces A Much Greater

Risk of Severe Complications And Possibly death than Most Other BOP Inmates.

## COVID-19 At Allenwood Medium FCI

As of today, Allenwood Reports No Cases of COVID-19 but, gaming the Numbers, the BOP Appears to Remove from its public listing Any Cases Where An Inmate Or Staff Member has Recovered.

Last Week, Allenwood had One Reported Case. At first blush, it May Seem that given those low Reported Numbers, Petitioner is Not facing A Significant Risk of infection. but this Court is Missing Critical information — that is, the News And Confirmed by the BOP, testing has Recently Expanded At the prison in Butner, North Carolina. there, the prison "Step[ed] up Coronavirus testing And Cases Soar[ed]." the Same thing happened At Another BOP facility — Terminal Island FCI In California.

Pg. 7

After widespread testing, a whopping 4 in 10 inmates had the virus. In a new report, a full 70% of tested by the BOP have the virus. The Federal Bureau of Prison's latest figures show that out of the 2,700 tests performed systemwide, nearly 2000 have come back positive. Thus, without knowing how many test have been conducted, this Court simply cannot know how widespread the infection truly is at Allenwood. Even outside of the petri dish that is the prison system, we are learning that the infection rates are far bigger than previously thought. New York City, for example, recently published the results of a random test for Coronavirus Antibodies to the Coronavirus. This suggest that the infection rate is far larger than previously believed. And we know that no one place or facility is simply immune. It would be foolish to assume that Allenwood FCI has magically found-And then kept Secret —

Pg 8

the cure to spreading this deadly disease.

THERE ARE Extraordinary And Compelling Reasons to Grant Compassionate Release Petitioner

There Are Extraordinary And Compelling Reason to Support the Compassionate Release of Petitioner. He is Locked-down in a Confined Environment breathing the Same Air As 150 Other individuals where he Cannot Effectively Practice Social distancing. Because of His Kidney, Asthma, And Liver if he becomes infected With COVID-19, he is Considerably More likely to develop Life-threatining Complications than Other INMates.

Petitioner is in A Precarious Situation based on his Personal health issues And the COVID-19 Outbreak At his BOP Facility. the Court Should Find that there Are Extraordinary And Compelling Reasons to grant him Compassionate Release.

## THE Court SHOULD WAIVE THE Exhaustion Requirement Under § 3582(c)(1)(A)

18 U.S.C. § 3582(c)(1)(A) Sets forth A Requirement that to be Eligible for Compassionate Release: A defendant Must fully Exhaust his Administrative Remedies, Or Wait Until 30-day have Elapse from the date he Submitted his Request to the Warden, Whichever Comes first.

Petitioner filed An Administrative Request On May 27, 2020. 30-days Will have Expired On June 27, 2020 therefore, by the time this Matter is fully Submitted, 30 days Will have Expired. IN the Event that this Court intends to Rule On this Matter before those 30 days Expired, I Respectfully Request that they Waive the 30 day Exhaustion Requirement given Petitioner's Medical Situation And Ongoing Pandemic. Several Courts have Recently Waived the Exhaustion Requirements Under § 3582(c)(1)(A) for Prisoners Seeking Compassionate Release due to the COVID-19 Pandemic.

Recently, in this District, the Hon. Lawrence J. Vilardo issued a well-reasoned decision in United States v. Bess, 16-CR-156-LJV-MJR, Docket No. 97 (April 22, 2020). He notes that the text, legislative history, and Supreme Court jurisprudence all support this conclusion.

In United States v. Morris Zukerman, 2020 WL 1659880 at *1 (S.D.N.Y. Apr. 3, 2020) the Court waived the requirement finding that "even a few weeks' delay carries the risk of catastrophic health consequences for Zukerman... [R]equiring him to exhaust administrative remedies, given his unique circumstances and the exigency of a rapidly advancing pandemic, would result in undue prejudice and render exhaustion of the full BOP administrative process both futile and inadequate" Id. at *3. See also United States v. John McCarthy, 2020 WL 1698732 (D. Conn. Apr. 8, 2020) (finding exception to 30-day exhaustion requirement);

United States v. Latrice Colvin, 2020 WL 1613943 (D. Conn. Apr. 2, 2020) (Waiving 30-day Exhaustion Requirement). Courts have outlined three circumstances where the 30-day Exhaustion Requirement may be waived:

"*First*, Exhaustion may be unnecessary where it would be futile, either because Agency decisionmakers are biased or the Agency has already determined the issue.

*Second*, Exhaustion may be unnecessary where the Administrative Process would be incapable of granting adequate Relief.

*Third*, Exhaustion may be unnecessary where pursuing Agency Review would subject plaintiffs to undue prejudice."

United States v. Perez, 2020 WL 1546422 At *2 (S.D.N.Y. Apr. 1, 2020) (Internal Citations And Quotation Marks Omitted) (Citing Washington v. Barr, 925 F.3d 109, 118-119 (2d Cir. 2019)). See Also United States v. Colvin, 2020 WL 1613943 At *2 (D. Conn. Apr. 2, 2020).

Admittedly, Other Courts have found that the 30-day Exhaustion Requirement Cannot be Waived, Or have "Expressed Skepticism" As to whether it can be Waived. See e.g., United States v. Gross, 2020 WL 1673244 (S.D.N.Y. Apr. 6, 2020) (deferring Ruling On Compassionate Release to Allow time for BOP to Review defendant's Petition "Extremely Quickly").

Petitioner "Extraordinary And Compelling" Reason's in Conjuction With 18 U.S.C. § 3553(a) Factor's weigh heavy On Petitioner's Reasons he Should be granted Relief. As this Court is Very Aware of the "dark" And "Gruesom" Crime that Petitioner Stand Convicted of, Petitioner's has Made Extraordinary Changes to his Life. Petitioner Asserts that the "Culpability" of Defendant's involments in Crime's Have taken A Dramatic Historical turn to "Rightfully" Address the "MENS-REA" Of EACH "Conspirator." the State of California has Release defendant's Under Legistrative "New-Laws" Or "Mereassociation" With Co-Conspirator. Petitioner has Enclosed A letter from Appointed Counsel IN his §2255 Habeas Corpus Exhibit A. Attorney Ms. Georgia J. Hinde prepared A letter for Petitioner's Application for Clemency in 2016. I have Highlighted Attorney Hinde's Synopsis of what My "Culpability" was in the offense.

Pg. 14

"the Jury Made No Similar finding Against Mr. Rodriguez. Instead, the Evidence Against Mr. Rodriguez Showed Only that On the day of the Murder, Mr. Rodriguez drove the Victim to A Meeting With Co-defendant And was "Present" when the Victim Died. it did Not Show that Mr. Rodriguez In Any Way Personally Caused that death, As the Government itself Acknowledged during Trial. Mr. Rodriguez was Nevertheless Also found Guilty of "Aiding And Abetting" his Co-defendant's Acts because he was "Present" when the Victim Succumbed to Asphyxiation. the District Court thereafter Sentenced Both Defendants to Life imprisonment. Ms. Hinde Also Outlined in her Letter By Saying "We further asked the Court to Reduce Mr. Rodriguez's Life Sentence Both because the trial Evidence "Confirmed" And the Jury found that he was Significantly less "Culpable"

than his Co-defendant, And because his Record of Post Conviction Rehabilitation During his first thirteen years of imprisonment was Substantial And Impressive. Petitioner Asserts that the Changes to the Laws have Release Many Defendant's that were Serving life Sentence that were Connection with Large And Small Organization. the First Step Act Gave Court's the discretion to take A Second Look At Defendant As Petitioner who "Culpability" was Less than his Co-defendants And Other's.

United States V. Powell, United States V. Jones, United States V. Martin, All from the Second Circuit that Dealt With Large Scale Organization with "Gang" Activities, And "Murders" tie to their Rico Conspiracies. these Defendant's were Release; I Am "Similarly Situated" As this defendants. Petitioner has Continued to Show growth And Continued to Make Substantial progress

PG 16

Despite his continuing failure from the Court. Petitioner has enclosed many letter's from family, friends, and BOP staff who continue to admire Petitioner's strength and wisdom to be there for his family and mankind. See Exhibit B letter's from family and friends and BOP staff.

Finally, INMATES' family is devastated by the (COVID-19) virus. Petitioner's Mother is now 83 year's old! She suffers many medical ailment's that surely puts her severe risk of death. As the Court's knows, New York is one of the Most congested places on Earth! There is no answer to vulnerbility of contracting the virus as so much has been shown to the world. I have 3 daughter's, Olivia 30, Christina 26, Kayla, 22. I have 3 grandkids! All who is in need of me. I have accomplish tools and trade that has been proven effective

Pg. 17

When Entering Society. I Currently have "Certification" As A "Quality Assurance" Inspector by the U.S. Dept of Labor.

Petitioner is Currently 54 Years of Age. He has a "Splendid" Prison Record for Someone who was Condemned to Life in Prison. Petitioner has a "Minimum" Probability of Recidivism. See "The Effects of Aging on Recidivism Among Federal Offenders. (December 2017), United States Sentencing Commission.

Inmate Asserts that the Growing Prison Population And High Cost of Incarceration Averaging More than $30,000 per year for Each Prisoner in Federal Custody with the Current Financial Impact of (COVID-19) Virus, it would be More Feasible to Release Inmate's As Myself. To Date, The BOP has Spent $600,000 Dollars Incarcerating this Inmate.

Wherefore; Petitioner Request

that the Court Would Appoint Counsel To Supplement if the Court Would have Concerns About Documents that May be Vital to A Sound Decision Regarding this Motion

Respectfully Submitted

*Diego Rodriguez*

DIEGO RODRIGUEZ      5-30-20
#49597054
P.O. BOX-2000
WHITE DEER PA 17887